**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT E. FISH on his own behalf and on behalf of those similarly situated,**

        **Plaintiff,**

-vs-                                        Case No. 6:07-cv-1543-Orl-31UAM

**STATE OF FLORIDA DEPARTMENT OF CORRECTIONS and JAMES R. MCDONOUGH,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on Defendants' Motion for Sanctions (Doc. 13) and Plaintiff's Response thereto (Doc. 14).

**I. Background**

Plaintiff brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA") seeking unpaid overtime wages from his employer, the State of Florida Department of Corrections (the "DOC"). On October 25, 2007, Defendants filed a Motion to Dismiss with Prejudice (Doc. 7) arguing that the DOC has sovereign immunity from suits under the FLSA. Plaintiff failed to respond and on November 16, 2007, this Court granted the motion as meritorious and unopposed. (Doc. 10).

On November 20, 2007 this Court issued an Order directing Plaintiff to show cause as to why sanctions should not be imposed, under Federal Rule of Civil Procedure ("Rule") 11, for the filing of this suit, which had no legal basis. (Doc. 11). Defendants then filed the instant Motion for

Sanctions pursuant to Rule 11. (Doc. 13). Plaintiff's counsel filed a Response to the show cause order and the motion for sanctions (Doc. 14) on December 6, 2007.

**II. Standard of Review**

> District courts may impose Rule 11 sanctions (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993)(internal quotation marks omitted).

> In assessing Rule 11 sanctions, a court first determines whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous, i.e., whether he would have been aware had he made a reasonable inquiry. If the attorney/party did not make a "reasonable inquiry," then the court must impose sanctions – despite the attorney/party's good faith belief that the claims were sound.

*Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991).

**III. Legal Analysis**

Because it is clearly established that the State of Florida has not waived its sovereign immunity with regard to FLSA claims, this Court finds that Plaintiff's claims were objectively frivolous under the law. *See Powell v. Florida*, 132 F.3d 677 (11th Cir. 1998); *Hernandez v. Joliet Police Dep't*, 1998 U.S. Dist. LEXIS 7634 (N.D. Ill. May 11, 1998), *affirmed*, 197 F.3d 296 (7th Cir. 1999). Therefore, the Court must determine if Plaintiff's counsel made a reasonable inquiry.

In his response, Plaintiff's counsel argues that this action was brought in good faith because he made a reasonable inquiry into the law by conferring with a labor consultant prior to filing the suit. According to an affidavit signed by Plaintiff's labor consultant, Salvador Souto, III,

he researched this case and was unable to determine whether the State of Florida had waived sovereign immunity with regard to the FLSA. (Doc. 14-2 at 1-2). Plaintiff's counsel also states that he relied on an article in the *Palm Beach Post* (Doc. 14-4) which indicated that the Florida Department of Children and Families ("DCF") had recently reached a settlement with the United States Department of Labor, in a case which stemmed from claims by DCF employees that they were threatened with termination when they requested overtime compensation.

Plaintiff's counsel's reliance on these two, non-legal sources in place of legal research does not demonstrate a reasonable inquiry. Furthermore, even after Defendants' counsel sent Plaintiff's counsel an email (Doc. 14-3 at 2) containing citation to two relevant cases[1] on October 10, 2007, Plaintiff's counsel did not act to dismiss the suit.[2]

It appears to this Court that Plaintiff's counsel attempted to the "pass the buck" of legal research, first to a labor consultant and then to defense counsel. Therefore, the Court finds it appropriate to return said "buck" to Plaintiff's counsel and require that he pay defense counsel's reasonable expenses incurred in defending this action after October 10, 2007.

---

[1] *See Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 264 (7th Cir. 1999), finding that

in the very least, [Plaintiff] should have dismissed the State's Attorney's Office after having been made aware of their immunity argument and after receiving the Office's proposed motion for sanctions (which it served on Hernandez more than 21 days prior to filing the motion, as required under Fed. R. Civ. P. 11(c)(1)(A)). Instead, Hernandez took no action, but sat back and improperly waited for the court to rule on the defendants' motion to dismiss.

[2] In fact, Plaintiff's counsel sent an email to Defendants' counsel on November 5th, 2007 (Doc. 14-3 at 2) indicating that he would prepare and file a Joint Dismissal, but he failed to do so.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that the Motion for Sanctions (Doc. 13) is **GRANTED**. Defendants' counsel shall submit records of its reasonable fees and expenses, incurred in defending this lawsuit after October 10, 2007, to this Court no later than January 10, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 11, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party